UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

JIM ROMERO and SKY SOUNDS, INC.

      Plaintiffs,

vs.                             **Case No. 0:12-cv-60843-DMM**

AIRBORNE SYSTEMS, INC., MARIA
CANOSA, VINNY BILLISI, AHMET
EKEN and ICLAL NEDRET EKEN,

      Defendants.

_____/

**DEFENDANTS AIRBORNE SYSTEMS, INC.'S, MARIA CANOSA'S AND
VINNY BILLISI'S MOTION TO DISMISS ALL COUNTS OF PLAINTIFFS'
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants AIRBORNE SYSTEMS, INC. ("Airborne Systems"), MARIA CANOSA

("Canosa") and VINNY BILLISI ("Billisi"), by and through the undersigned counsel, hereby file

this Motion to Dismiss all counts of Plaintiffs' Complaint [D.E. 1] pursuant to *Fed. R. Civ. P.*

12(b)(6), and as grounds thereof state as follows:

**A.  FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT**

This lawsuit arises out of Plaintiffs' own malicious and fraudulent scheme which diverted

thousands of U.S. Dollars in foreign student tuitions into their own bank accounts through a

pattern of deceptive actions and conduct.

Defendant Airborne Systems is a school located in Fort Lauderdale, Florida which is

engaged in the business of providing flight training services for its enrolled students. Defendants

Canosa and Billisi are officers and directors of Airborne Systems. Plaintiffs were independent

recruiting agents, who were to be directly paid recruiting fees from each student they recruited

from various eastern European countries, including Russia and Turkey. Plaintiffs also owned and

leased a certain aircraft to Airborne Systems, which was to be the preferred aircraft of choice for

all students recruited by Plaintiffs. Upon information and belief, various recruited students paid Plaintiffs not only the recruiting fee, but they also entrusted Plaintiff with thousands of dollars of their own funds which they intended would be paid to Airborne Systems for their flight training program. However, Airborne Systems was not paid as intended by the students and as falsely represented to them by Plaintiffs. Upon learning of this information, the students and Airborne Systems demanded that Plaintiffs immediately remit payment of the students' funds to Airborne Systems to prevent interruption of their flight training or to return the funds directly back to the students, which has resulted in the filing of this frivolous and malicious action filed against Airborne Systems, Canosa and Billisi, which is itself tantamount to a fraud being perpetrated upon this Court.  In fear of the claims which could potentially be asserted by the recruited students, including Ahmet Eken and Iclal Nedret Eken (the "Ekens"), also named as Defendants in this case, Plaintiffs now seek to shift their liability to Airborne Systems, Canosa, Billisi, including the Ekens, who upon information and belief, have still not received the return of their funds from the Plaintiffs.

Plaintiffs' Complaint purports to assert the following claims against the Defendants for Defamation – Libel and Slander (Count I); Breach of Contract (Count II); Detrimental Reliance (Count III); Intentional/Negligent Misrepresentation (Count III[1]); Constructive Fraud (Count IV); Concealment or Non-Disclosure (Count V); Aiding and Abetting (Count VI); Violation of Federal Statute – Lanham Act Violation (Count VII); Intentional Interference with Prospective Business Advantage/Contract (Count VIII); and Commercial Disparagement (Count IX). However, all of these claims asserted against the Defendants must be dismissed primarily because (a) the Complaint was filed in the form of an impermissible "shotgun" pleading; (b) Plaintiffs failed to set forth a short and plain statement of the claims and failed to plead with

---

[1]        Plaintiffs have labeled two separate counts "Count III."

sufficient specificity as to all counts predicated upon fraud; (c) Plaintiffs' failed to state proper causes of actions; and (d) all claims asserted against Canosa and Billisi, individually, must be dismissed for Plaintiffs' failure to plead sufficient facts to pierce the corporate veil.

Just a cursory review of the Complaint reveals that it is so vague and lacking in factual support for any cause of action that it cannot possibly form the basis of a sustainable lawsuit. In fact, there is virtually no basis to support any of its ten counts, which are comprised of conclusory, vexatious, and inflammatory allegations – many of which appear repeatedly as if repetition would lead to validation. These allegations are nothing more than a convoluted hodge-podge of legal conclusions loosely referring to Defendants, who are generally undifferentiated and lumped together throughout the pleading. Ultimately, the Plaintiffs have no basis to maintain any of their claims as asserted in this pleading, and accordingly, all claims should be dismissed.

**B.  STANDARD OF REVIEW**

In considering a Motion to Dismiss pursuant to Rule 12(b)(6) and testing the legal sufficiency of the complaint, the court must accept all factual allegations as true and consider them in the light most favorable to Plaintiff. *Zurich American Insurance Co. v. Hi-Mar Specialty Chemicals, LLC*, 2010, Civil Action No. 08-80255, 2010 WL 298392 at *1 (S.D.Fla. Jan. 19, 2010); *Erickson v. Pardus*, 551 U.S. 89 (2007). However, in contrast to the prior and more permissive regime of *Conley v. Gibson*, 355 U.S. 41 (1957), in order to survive dismissal, a complaint now must satisfy the stricter pleading requirements of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). Under *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (*internal citations omitted*).

The pleader must also satisfy the requirements of Rule 8, which provides that the complaint must contain a short and plain statement showing an entitlement to relief and must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Zurich American Insurance Co.*, 2010 WL 298392 at *1; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)(*citing Fed. R. Civ. P.* 8); *see also Twombly*, 550 U.S. at 555 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  Exhibits attached to a pleading also become a part of the pleading for all purposes.  *See Fed. R. Civ. P.* 10(c).  If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1341 (S.D. Fla. 2010) (citing *International Star Registry of Illinois v. Omnipoint Marketing, LLC,* 510 F.Supp.2d 1015, 1022 (S.D. Fla. 2007)).  An exhibit attached to a complaint that plainly contradicts the allegations of a complaint is fatal to the complaint's inconsistent claims:

> Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)(*quoting Associated Builder, Inc. v. Ala. Power Co.*, 505 F. 2d 97, 100 (5th Cir. 1974)).

The complaint must also contain direct allegations which satisfy all the material elements necessary to sustain recovery under some viable legal theory. *Id*. (internal citation and quotation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" and there must be sufficient ultimate facts pled to state a plausible basis for the claim.  *Zurich American Insurance Co.*, 2010 WL 298392 at *2; *Twombly*, 550 U.S. 544 at 555-556; *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950.

The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* A plaintiff's factual allegations must rise above "speculative," "conceivable" or "possible" and instead must "state a claim to relief that is plausible on its fact." *Twombly*, 550 U.S. at 555-70.  The allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570 (2007). In testing the legal sufficiency of the complaint, conclusory allegations are given no consideration. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005) (*citing Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").  Thus, the court may dismiss a complaint when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).  In fact, the dismissal may even be granted with prejudice when amending the complaint would be futile.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000).

## C. ALL CLAIMS ASSERTED AGAINST THE DEFENDANTS MUST BE DISMISSED BECAUSE THE COMPLAINT IS AN IMPERMISSIBLE "SHOTGUN" PLEADING

The defective form of Plaintiffs' complaint has been condemned by the courts in this jurisdiction for years.  Plaintiffs' ten-count complaint "re-alleges" all of the preceding allegations by reference into each subsequent claim for relief, which is known as a "shotgun" pleading. *Ferrell v. Durbin,* 311 Fed.Appx. 253, 259 (11th Cir.2009) ("In shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief.").  The Eleventh Circuit "has had much to say about shotgun pleadings, none of which is favorable." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n. 54 (11th

Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 n. 9 (11th Cir. 2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."); *Byrne v. Nezhat,* 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); *Anderson v. D. Bd. of Trs. of Central Fla. Cmty. Coll.,* 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

In *Davis*, the Eleventh Circuit has also provided examples as to why shotgun style pleadings should not be permitted:

> In fashioning the [Federal Rules of Civil Procedure], [the framers] assumed that complaints would be drafted as clearly and definitively as possible, so that the defendant could understand the cause(s) of action the plaintiff was asserting and frame a responsive pleading, and the district court, having a clear and definitive response before it, could recognize the parties' claims and defenses, identify the issues of fact to be litigated, and proceed to a just result. The framers also assumed that the lawyers appearing before the district courts would adhere to the standards of professional responsibility and conduct, and that, as officers of the court, would be aware that the federal courts constitute a scarce resource for resolving disputes and that their failure to adhere to these standards would likely yield countless untoward, and totally unacceptable, consequences. This case confounds these assumptions.  *Davis*, 516 F.3d at 979.

The Eleventh Circuit also illustrated how shotgun style pleadings delay cases by:

> Wasting scarce judicial and parajudicial resources imped[ing] the due administration of justice, and, in a very real sense, amount to obstruction of justice. Although obstruction of justice is typically discussed in the context of criminal contempt, the concept informs the rules of law-both substantive and procedural-that have been devised to protect the courts and litigants (and the public) from abusive litigation tactics, like shotgun pleadings. If use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to wit: obstructs justice, the perpetrator could be cited for criminal contempt." *Davis*, 516 F.3d at 982 n. 66 (quoting *Byrne v. Nezhat*, 261 F. 3d 1075, 1131-32 (11th Cir.1984).

Thus, it is clear by the overwhelming state of authority on this issue, that Plaintiffs should not be permitted to file a shotgun pleading in this case and they should be required to adhere to standards set forth by the Courts in this jurisdiction to avoid unnecessary expense, delay and to prevent prejudice and/or injustice to the Defendants.   Accordingly, the Court should dismiss Plaintiffs' impermissible form of complaint in its entirety for these reasons alone. *See Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1336-37 (S.D. Fla. 2011).

**D. ALL CLAIMS ASSERTED AGAINST THE DEFENDANTS MUST BE DISMISSED BECAUSE PLAINTIFFS FAILED TO SET FORTH A SHORT AND PLAIN STATEMENT OF THE CLAIMS SHOWING THAT THEY ARE ENTITLED TO RELIEF**

Under Rule 8, as explained in *Twombly*, a plaintiff is obligated to set forth facts that state a plausible, non-speculative, right to the relief it seeks.   When a plaintiff brings an expansive complaint, yet is unable to comply with these standards, enforcing them at the start is of paramount importance given the costs of litigation and the difficulty of rectifying the error after litigation ensures.   *See Twombly*, 550 U.S. at 558-60.   The Plaintiffs' complaint fails to satisfy the *Twombly* pleading standard in a manner that is profound.   The complaint appears designed to confuse and obfuscate the facts, so that neither the Court nor the defendants can clearly determine what is being alleged, and so that the various defendants cannot possibly determine what it is that each allegedly did (or failed to do), and therefore cannot frame a response.   The majority of allegations lump multiple defendants together, make vague and conclusory general allegations attributing wrongful conduct to most if not all of the defendants, without alleging any facts indicating that any specific defendant engaged in any specific misconduct.

Moreover, instead of setting forth "direct, non-speculative allegations which satisfy all the material elements necessary to sustain recovery under some viable legal theory," the complaint consists nearly entirely of a collection of "conclusory allegations, unwarranted

deductions of facts [and] legal conclusions masquerading as facts" and "a formulaic recitation of the elements of [the] cause[s] of action" *See Twombly*, 550 U.S. at 555.

Although Rule 8 does not require a complaint to be "a model of clarity or exhaustively present the facts alleged," it does require, at a minimum, "that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2d Cir.2001) (*quoting Ferro v. Ry. Express Agency,* 296 F.2d 847, 851 (2d Cir.1961)). In *Atuahene,* the court held that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard." *Id.* The Complaint in the instant case suffers from these same flaws. The lumping of Defendants does not afford fair notice of the basis for the claims asserted against them, especially considering that as to some of these Defendants, no roles of their actions or inactions are even generally described.  *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) *aff'd,* 451 Fed. Appx. 862 (11th Cir. 2012).

Accordingly, based upon all the foregoing reasons, all claims asserted against Defendants should be dismissed for Plaintiffs' failure to set forth a short and plain statement of the ultimate facts showing that they are entitled to relief.

**E.  COUNT I MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AND BECAUSE ANY ALLEGED DEFAMATORY STATEMENTS WERE PRIVILEGED**

To state a claim for defamation under Florida law, Plaintiffs must set forth in the Complaint "the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory." *Razner v. Wellington Regional Med. Ctr. Inc.*, 837 SO. 2d 437, 442 (Fla. 4th DCA 2002).  In addition, the Plaintiffs must "specifically identify the persons to whom the allegedly defamatory comments were made" and "link a

particular remark to a particular defendant." *Jackson v. North Broward County Hosp. Dist.*, 766

So. 2d 256 (Fla. 4th DCA 2000).  Plaintiffs allege the following:

> Defendants' unlawful conduct was intentional or reckless in that representations were
> made that were false and known by them to be false, including but not limited to the
> following: 1) that [Plaintiffs] acted unlawfully in making payments on behalf of its clients;
> 2) that it illegal [sic] to make payments on behalf of students enrolled at Airborne, 3) that
> [Sky Sounds] clients' should not be making payments to [Sky Sounds] for its aircraft rental
> which is illegal; (3) [sic] that [Plaintiffs] are acting illegally towards the interests of its
> clients. (**See Exhibit D- Letter to Students dated April 17, 2012**)  [D.E. 1; Complaint ¶
> 39]

The foregoing allegations are not only conclusory, but they even fail to link a particular

remark to a particular defendant. The allegations repeatedly refer to the "Defendants' conduct."

Yet, the allegations clearly make no reference to any specific remarks made by any specific

defendants, which are alone grounds for dismissal of this claim. *Jackson*, 766 So. 2d at 256.

Plaintiffs also rely on **Exhibit** "**D**" attached to the Complaint to support their allegations

as an example of the "Defendants' conduct," which has been attached hereto for the Court's

review.  This exhibit does not support the defamation claim, as it merely confirms the Plaintiffs'

attempt to interfere with the student's relationship with the school, Airborne Systems, and the

role, obligations and responsibilities of the school with respect to the status of their M-1 Visa,

which permits these foreign students to attend their specific flight school in the United States

pursuant to their visa acquired by the school.

Florida law recognizes many qualified privileges to defamation claims, including the

privilege for communications between those with common interest in a matter. *Nodar v.

Galbreath*, 462 So. 2d 803, 809 (Fla. 1984).  The "common interest" privilege does not require

that the disseminator and recipient have identical interests, but rather simply that they each have

an interest in the communication.  As an example, in *Shaw v. R.J. Reynolds Tobacco Co.*, 818 F.

Supp. 1539 (M.D. Fla. 1993), an employer's statement to its customer that a sales representative

had been fired for stealing was held privileged because the customer had a business relationship

with the sales representative and the employer had an interest in explaining its actions to the customer.  Similarly, in *Nodar*, a parent's comments to a school board about a teacher were held privileged. Where the privilege applies, it extends to all "matters [even if they] would otherwise be actionable." *Nodar*, 462 So. 2d at 809.

Even if we assume the truth of the few conclusory allegations asserted by Plaintiffs in the Complaint, the relationship between Airborne Systems, Canosa, Billisi and their students, certainly share a common interest with respect to student's flight training and issues that would affect their M-1 Visa.  Accordingly, even if true, the alleged defamatory statements by Airborne, Canosa and Billisi were covered under the scope of a qualified privilege, which warrants dismissal of this claim.

## F.  COUNT  II MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

In order to state a claim for breach of contract under Florida law, Plaintiffs are required to establish the following three elements by alleging:  (1) there was a valid agreement between the parties; (2) there was a material breach; and (3) damages resulted from the breach.  *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp.,* 941 So.2d 396, 398 (Fla. 4th DCA 2006).

Plaintiffs' Complaint merely alleges a count for breach of contract based on the conclusory statement that "Defendants have failed to fulfill obligations owed to Plaintiff as stated in the contract."  [D.E. 1; Complaint ¶ 45].  However, there are no allegations as to what contracts were allegedly breached, which of the parties were in privity, which of the Defendants failed to fulfill obligations owed under such contract, what obligations were owed and by whom and how did the material breaches occur.  Plaintiffs' allegation is merely a legal conclusion, and pursuant to *Twombly* and *Ashcroft*, such an allegation cannot support a cause of action. *Twombly*, 550 U.S. 544 at 555-556; *Sinaltrainal*, 578 F.3d at 1261; *Ashcroft,* 129 S. Ct. at 1949-

50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, since Plaintiffs have failed to allege any facts which establish the Defendants breached any contract, such claim must be dismissed.

### G. COUNT III (DETRIMENTAL RELIANCE) MUST BE DISMISSED BECAUSE FLORIDA DOES NOT RECOGNIZE SUCH A CAUSE OF ACTION IN THIS STATE

Count III of Plaintiffs' complaint purports to state a cause of action for "Detrimental Reliance." However, there is no such cause of action recognized in Florida. Rather, detrimental reliance is merely an element of various other causes of action, such as intentional or negligent misrepresentation, which have already been asserted in this lawsuit. Defendants should not be left to guess what Plaintiffs intended by asserting this element of a partial claim in the form of Count III. Accordingly, since Plaintiffs have failed to allege a cognizable cause of action under Florida law, or to alternatively state a proper cause of action, such claim must be dismissed.

### H. COUNTS III-VI[2] MUST ALL BE DISMISSED FOR FAILURE TO PLEAD WITH SUFFICIENT SPECIFICITY

Counts III, IV, V and VI asserted by Plaintiffs are all based upon fraud and are subject to the heightened pleading requirements of Rule 9(b), which requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Fed.R.Civ.P.* 9(b); *Solomon v. Blue Cross and Blue Shield Association*, 574 F.Supp.2d 1288, 1293 (S.D. Fla. 2008).

In stating a cause of action for intentional or negligent misrepresentation under Florida law, a plaintiff must allege that the defendant made a material misrepresentation upon which the plaintiff relied. *Cruz v. Navy Federal Financial Group, LLC*, Civil Action No. 309-cv-533-RV-EMT, 2010 WL 617387 * 3 (N.D. Fla. Feb. 17, 2010); *Yanks v. Barnett*, 563 So.2d 776, 777 (Fla. 3rd DCA 1990) ("In order for a jury to find that there was a negligent misrepresentation,

---

[2]        Plaintiffs have improperly labeled two separate counts as "Count III." The Count III referred to in Section "H" of this Motion refers to Plaintiffs' claim for Intentional/Negligent Misrepresentation.

the jury must find, *inter alia*, that the misrepresentation was material and that the person alleging the misrepresentation relied on the misrepresentation.").  The only difference between claims for negligent misrepresentation and intentional misrepresentation is whether the defendant actually knew of the falsity of the representation.  *Jovine*, 795 F. Supp. 2d at 1338.  Under Florida law, both intentional and negligent misrepresentations are considered tantamount to actual fraud, and therefore, the heightened pleading requirements of Rule 9(b) apply.  *Cruz*, 2010 WL 617387 *3; *In re Mirabilis Ventures, Inc.*, 2010 WL 415315 *3 (M.D. Fla. Jan. 27, 2010).

Plaintiffs' claim for fraudulent concealment or non-disclosure requires Plaintiffs to allege (1) a misrepresentation of material fact or suppression of the truth; (2)[a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either the truth or falsity, or [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation. *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003).  A fraudulent concealment claim is also subject to Rule 9(b)'s requirement that the circumstances constituting fraud shall be stated with particularity.  *Id.*

Aiding and abetting also requires that Plaintiffs must allege and establish there was an underlying fraud; the Defendants had knowledge of the fraud; and the Defendants provided substantial assistance to advance the commission of the fraud.  *ZP No. 54 Ltd. Partnership v. Fidelity & Deposit Co. of Maryland*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005).  Thus, aiding and abetting is subject to Rule 9(b)'s heightened pleading requirements as well.

In comply with Rule (9)(b), the Eleventh Circuit has interpreted the particularity requirement to require that the complaint set forth:

precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Solomon*, 574 F.Supp. at 1293*; United States ex rel. Clausen v. Lab. Corp of America, Inc*., 290 F.3d 1301 (11th Cir. 2002).

Thus, the Plaintiffs must allege facts with respect to each Defendant's participation in the fraud. *Solomon*, 574 F.Supp. at 1293*; Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1381 (11th Cir. 1997). In sum, the Plaintiffs must set forth in the complaint as to each Defendant the "who, what, when, where and how" about the fraud that took place. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).  In this case, the Plaintiffs do not describe with particularity which individuals and parties specifically made which statements of misrepresentation, or the time, place or manner in which these representations were made or how they were false or misleading.  The allegations lump all defendants together and seek to hold them all jointly and severally liable for various unknown alleged misrepresentations.  It is therefore clear that the complaint fails to contain legally sufficient allegations under the heightened pleading requirements for a claim predicated on fraud.  The lack of specificity is especially troubling where different defendants are lumped together in a complaint, failing to particularize which defendants were specifically responsible for the misleading statements. *Simon v. The Celebration Co.*, 883 So.2d 826, 832-833 (Fla. 5th DCA). When the complaint asserts claims against multiple defendants, it cannot merely "lump[ ] together all of the defendants in their allegations of fraud." *Pierson*, 619 F. Supp. at 1317. Rather, the pleadings must contain "specific allegations with respect to each defendant" that are sufficient to "'inform each defendant of the nature of his alleged participation in the fraud.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1363 (M.D. Fla.2007).

Counts III, IV, V and VI fail to describe with particularity which individuals and parties specifically communicated false or misleading material facts, or the time, place or manner in

which these facts were false, misleading or concealing. It is therefore evident that the Complaint fails to contain legally sufficient allegations under the strict pleading requirements for a claim predicated on fraud pursuant to Rule (9)(b). Accordingly, Counts III, IV, V and VI must be dismissed.

**I. COUNT IV MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THE ABSENCE OF AN ADEQUATE REMEDY AT LAW**

Under Florida law, there is no cause of action for constructive fraud where there is an adequate remedy at law. *Stillwell v. Kent*, 115 So. 508, 510 (Fla. 1928). Here, the Complaint fails to allege the absence of an adequate remedy at law and, in fact, asserts legal remedies for all damages claimed within this count. Accordingly, Plaintiffs' claim for constructive fraud should be dismissed.

**J. COUNT VII MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION**

Plaintiffs inexplicably assert a cause of action for violation of Title 15 U.S.C. § 1125(a) of the Lanham Act. However, in order to state a proper cause of action under the Lanham Act, Plaintiffs' must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been-or is likely to be-injured as a result of the false advertising. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260-61 (11th Cir. 2004). There are no allegations of fact which could conceivably give rise to a claim for false advertising under the Lanham Act. Plaintiffs fail to identify which of the Defendants made false or misleading advertisements, what the advertisements were, or to even identify how the advertisements deceived consumers or had a material effect on their "purchasing" decisions. Indeed, Count VII demonstrates the truly improper and frivolous nature of Plaintiffs' claims, as it makes clear that Plaintiffs and their counsel have attempted to assert absolutely every allegation

imaginable in the hope that something – anything – sticks to avoid a dismissal with prejudice. However, Plaintiffs have failed to set forth facts which state a plausible, non-speculative, right to the relief under the Lanham Act.  As a result, Plaintiffs' claim brought under the Lanham Act must be dismissed.

**K.  COUNT VIII MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AND BECAUSE DEFENDANTS WERE PRIVILEGED**

Under Florida law, to state a claim for tortious interference with a contract a plaintiff must allege (1) the existence of a business relationship under which plaintiff has legal rights; (2) proof of defendant's knowledge; (3) intentional and unjustified interference with relationship by defendant; and (4) damage to plaintiff as a result of interference.  *Hodges v. Buzzeo*, 193 F. Supp. 2d 1279, 1284 (M.D. Fla. 2002).  As a preliminary matter, the Plaintiffs fail to state a cause of action because they have not alleged what was the interference, when or how this interference occurred, what relationships are alleged or the basis for interference.  Based on these grounds alone, Count VIII should be dismissed for failure to state a cause of action.

In addition, while Defendants should not be left to guess or speculate what Plaintiffs have intended in this count, and assuming Plaintiffs are referring to an interference with their own independent relationships with Airborne Systems' enrolled students, such a claim would nevertheless fail on the basis of privilege. This is because Florida recognizes the general rule that the law protects parties who have a financial interest in a business relationship from liability for actions based on tortious interference by granting a privilege to interfere.  *Burger King Corp. v. Ashland Equities, Inc.*, 161 F. Supp. 2d 1331, 1336 (S.D. Fla. 2001).  Where the privilege applies, a defendant is justified in interfering with contractual relationships, and may raise the privilege as a complete bar to a Plaintiffs' claim.  *Hodges*, 193 F. Supp. 2d at 1284.

The relationship between Airborne Systems, Canosa, Billisi and their students, certainly establishes a business relationship and financial interests with respect to the student's flight

training and issues that would affect their M-1 Visas. Clearly, any alleged interference by these Defendants under the circumstances are privileged. *Burger King Corp.*, 161 F. Supp. 2d at 1336; *Hodges*, 193 F. Supp. 2d at 1284. Thus, Plaintiffs cannot prevail on a claim for tortious interference where Airborne, Canosa and Billisi have a financial interest in the business with which they have allegedly interfered. *Yoder v. Shell Oil Co.*, 405 So. 2d 743, 744 (Fla. 2d DCA 1981), *review* denied, 412 So. 2d 470 (Fla. 1982). Accordingly, since the existence of the Defendants' privilege is clear on the face of the Complaint, Plaintiffs' claim for tortious interference must be dismissed on the grounds of privilege as well.

**L.  COUNT IX MUST BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AND BECAUSE PLAINTIFF FAILED TO PLEAD WITH SPECIFICITY**

Commercial disparagement is one of a number of torts recognized under the collective title of "injurious falsehood." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. 4th DCA 1999). The sole difference between injurious falsehood and defamation is that injurious falsehood protects the economic interests of an injured party against pecuniary loss, whereas defamation protects the personal reputation of the injured party. *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) (citing *Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 209 (Fla. 4th DCA 2002)). The general rule for injurious falsehood in Florida is as follows:

> One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property, in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendability thus caused. *Falic*, 347 F. Supp. 2d at 1268 (citation omitted).

Here, as with Plaintiffs' claims for defamation, the complaint fails to link any alleged remarks with any particular defendant, but instead attributes the general remarks to all defendants equally. Moreover, Plaintiffs fail to specifically identify to whom the alleged

disparaging remarks were made to, or why those remarks are false.  Absent the establishment of these essential elements, Plaintiffs cannot proceed on a claim for injurious falsehood and such claim should be dismissed.

Florida courts also recognize that a defendant in an "injurious falsehood" action enjoys the same privileges which he would enjoy, under the same circumstances, in a defamation action. *See Sailboat Key, Inc. v. Gardner*, 378 So. 2d 47, 48 (Fla. 3d DCA 1979).  As discussed above, the privilege available to the Defendants in the defamation count includes the privilege for communications between those with a common interest in a matter.  *See Nodar*, 462 So. 2d at 809 (Fla. 1984).  Where the privilege applies, it extends to all "matters [even if they] would otherwise be actionable."  *Nodar*, 462 So. 2d at 809.  The relationship between Airborne Systems, Canosa, Billisi and their students, certainly share a common interest with respect to student's flight training and issues that would affect their M-1 Visa.  Accordingly, even if true, any alleged defamatory statements by Airborne, Canosa and Billisi were covered under the scope of a qualified privilege, which warrants dismissal of this claim.

Under Florida law, Plaintiff must also plead special damages with particularity in order to state a claim for injurious falsehood.  *Salit*, 742 So. 2d at 388.  The "special damage rule requires the plaintiff to establish pecuniary loss that has been realized or liquidated, as in the case of specific lost sales."  Here, Plaintiffs fail to provide any facts or allegations to support a claim for special damages.  Instead Plaintiffs plead that they have suffered damages "including the loss of clients and their services, monetary loss of an important and valuable clients, future clients and business, and injury to the reputation of Plaintiff."  [D.E. 1; Complaint at ¶ 86].  "The chief characteristic of special damages is a realized loss."  *Id.*  While Plaintiffs generally allege they have suffered special damages, such a conclusory assertion fails to demonstrate a realized or

liquidated loss, and is insufficient to survive a motion to dismiss under *Twombly*.  Accordingly, it is clear that Plaintiffs have failed to plead special damages, and this claim should be dismissed.

**M.  COUNTS III-VI[4] SHOULD ALL BE DISMISSED BECAUSE SUCH CLAIMS ARE BARRED BY THE ECONOMIC LOSS DOCTRINE**

The Economic Loss Rule in Florida prohibits a party to a contract from recovery in tort if the claims relate to the contract and the only damages suffered are economic losses.  *Indemnity Ins. Co. of No. America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  Counts III-VI should all be dismissed because they are contract claims masqueraded as tort claims. This Rule prevents a party to a contract from circumventing the anticipated losses for breach of the agreement by bringing a claim for economic loss through a tort action.  *Id.* at 536.  In effect, it bars a party to a contract from seeking a better bargain via a tort claim.  *Id.*  Accordingly, "if the parties have entered into a contract, the obligations of the contract may not support a cause of action in tort for the recovery of purely economic damages."  *Williams v. peak Resorts Intern. Inc.*, 676 So. 2d 513, 517 (Fla. 5th DCA 1996).

Courts have applied the economic loss rule in Florida to bar claims of negligent/intentional misrepresentation and other fraud based claims.  *See Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489, 498 (Fla. 4th DCA 2001) (fraud claims barred by the economic loss rule); *Taylor v. Maness*, 941 So. 2d 559, 564 (Fla. 3d DCA 2006) (fraud claim barred by the economic loss rule); *Straub Capital Corp. v. Frank Chopin, P.A.*, 724 So. 2d 577, 579 (Fla. 4th DCA 1998)(tenant's negligent misrepresentation claim barred by economic loss rule because remedy for economic loss lies in contract law); *Vesta Const. and Design LLC v. Lotspeich & Assocs.*, 974 So. 2d 1176, 1182 (Fla. 5th DCA 2008) (dismissing negligent misrepresentation claim where the alleged misrepresentation related to the performance of the

---

[4]      Plaintiffs have improperly labeled two separate counts as "Count III."  The Count III referred to in Section "M" of this Motion refer to Plaintiffs' claim for Detrimental Reliance and Intentional/Negligent Misrepresentation.

contract); *Hotels of Key Largo, Inc. v. RHI Hotels*, 694 So. 2d 74, 78 (Fla. 3d DCA 1997) ("a misrepresentation relating to the breaching party's performance of a contract do[es] not give rise to an independent cause of action in tort").

Here, the vague and conclusory allegations of the Complaint relate to the parties' obligations under a contract.  There are also no allegations of any physical injury or any injury to property, and any damages alleged, would only flow from the contract executed between the parties.  Accordingly, Counts III-VI must be dismissed as they are all barred under the Economic Loss Rule.

**N.  ALL CLAIMS ASSERTED AGAINST CANOSA AND BILLISI, INDIVIDUALLY, MUST BE DISMISSED FOR PLAINTIFFS' FAILURE TO PLEAD SUFFICIENT FACTS TO PIERCE THE CORPORATE VEIL**

Plaintiffs have not alleged any sufficient facts to hold corporate officers/directors liable for the alleged wrongdoing of the corporation.  Instead, the Complaint relies entirely on allegations that state "Defendants" engaged in various acts of alleged wrongdoing.  Thus, based entirely on these conclusory allegations, which are themselves defective for the reasons outlined above, Plaintiffs believe they are entitled to pierce the corporate veil, and hold Canosa and Billisi, individually liable.  However, Plaintiffs' position is directly contrary to Florida law.

Corporate officers/directors are sheltered from liability unless there is evidence of the director deriving an improper personal benefit, which requires some form of self-dealing on the part of the director before individual liability may be imposed.  *Raphael v. M. Silverman*, 22 So.3d 837, 839 (Fla. 4th DCA 2009).  This protection is codified by Fla. Stat. § 607.0831(1).  Additionally, Florida places substantial burdens on a party seeking to pierce the corporate veil that are not overcome by Plaintiffs' vague and conclusory allegations:

> The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.  Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and

assets of its individual stockholders. The mere fact that one or two individuals [or entities] own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system. . . . The corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. . . . "Their purpose is generally to limit liability and serve a business convenience." Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation if formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120-21 (Fla. 1984) (citations omitted) (emphasis supplied); *see also Mysels v. Barry*, 332 So. 2d 38 (Fla. 2d DCA 1976) (courts will pierce the corporate veil only when there has been a showing that the corporation has been formed to be used for a fraudulent, illegal or unjust purpose); *Sirmons v. Arnold Lumbe Co.*, 167 So. 2d 588 (Fla. 2d DCA 1964) (corporate veil will not be pierced merely because one or more individuals control a corporation).

Here, the Complaint makes no allegations that Airborne Systems was organized or employed to mislead creditors or to work a fraud upon them, or for some illegal, fraudulent or other unjust purpose. Instead, Plaintiffs rely on vague, general assertions and conclusory statements, e.g., that undifferentiated "Defendants" committed unlawful acts. These allegations are merely unsupported conclusions that are not entitled to consideration. *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 555). Moreover, such allegations fall far short of factual allegations that could satisfy the standards for imposing liability on a corporate director under Florida law. *See Dania Jai-Alai Palace*, 450 So. 2d at 1120-21; *Raphael*, 22 So. 3d at 839; Fla. Stat. § 607.0831(1). Accordingly, all claims asserted against Canosa and Billisi should be dismissed.

WHEREFORE, Defendants AIRBORNE SYSTEMS, INC., MARIA CANOSA, and VINNY BILLISI respectfully request this Court to enter an Order dismissing all Counts of Plaintiff's Amended Complaint for all the foregoing reasons and granting such other and further relief as this Court should deem just and appropriate under the circumstances.

Dated: May 31, 2012

Respectfully submitted by:

/s/Frank Colonnelli, Jr., Esq.

**FRANK COLONNELLI, JR., ESQ.**
Florida Bar No. 499706
**KYLE T. BERGLIN, ESQ.**
Florida Bar No. 84027

BOYD RICHARDS PARKER
& COLONNELLI, PL.
Miami Tower
100 S.E. Second Street, 36th Floor
Miami, Florida 33131
Telephone: 786-425-1045
Facsimile: 786-425-3905

*Attorneys for Defendants*
*Airborne Systems, Inc.,*
*Maria Canosa and Vinny Billisi*

/s/Jason A. Glusman, Esq.

**DENNIS M. O'HARA, ESQ.**
Florida Bar No. 148434
**JASON A. GLUSMAN, ESQ.**
Florida Bar No. 419400

WICKER SMITH O'HARA
McCOY & FORD, P.A.
Sun Trust Center
515 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone:  954-847-4800
Facsimile:  954-760-9353

*Attorneys for Defendants*
*Airborne Systems, Inc.,*
*Maria Canosa and Vinny Billisi*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I ALSO CERTIFY that the foregoing documents are being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Frank Colonnelli, Jr., Esq.
**Frank Colonnelli, Jr., Esq.**